BARRY J. PORTMAN
Federal Public Defender
NICHOLAS P. HUMY
Assistant Federal Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA  95113
Telephone:  (408) 291-7753

Counsel for Defendant NAVARRO-VALENZUELA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                          )<br>                      Plaintiff,                )<br>                                                          )<br>vs.                                                    )<br>                                                          )<br>ALEJANDRO NAVARRO-VALENZUELA, )<br>                                                          )<br>                      Defendant.           )<br>_____)  | No. CR-06-00771 RMW<br><br>[DEFENDANT'S PROPOSED] ORDER DIRECTING THE BUREAU OF PRISONS TO SUBMIT SUPPLEMENTAL REPORT |

     In response to a prior Order of the Court, defendant Alejandro Navarro-Valenzuela was sent to the Federal Medical Center at Butner, North Carolina (FMC-Butner) for a competency restoration study.  At the conclusion of the four-month evaluation period, Mr. Navarro's examiners submitted a report requesting that this Court conduct a Sell[1] hearing to determine whether involuntary administration of antipsychotic drugs is appropriate in this case.  In response, defense counsel submitted a motion seeking an order that would (1) deny the Bureau of Prison's request to involuntarily medicate Mr. Navarro, and (2) direct that Mr. Navarro be

---

[1] Sell v. United States, 539 U.S. 166 (2003).

[Defendant's Proposed] Order                              1

released from custody. The defendant's motion is on calendar to be argued on Monday, May 5, 2008.

On April 28, 2008, a status hearing was held in this matter. At the hearing, government counsel indicated that it wished to submit additional information to the Court concerning the BOP's request to involuntarily medicate Mr. Navarro. The government further indicated that the evaluators at FMC-Butner were unwilling to provide such information absent a court order.

Based upon the government's representation that a supplemental report from FMC-Butner is necessary, and that such report will be provided only in response to a court order,

IT IS HEREBY ORDERED that FMC-Butner shall provide the parties and the Court with a supplemental report addressing the following issues:

1. The supplemental report shall set forth a detailed proposed treatment plan for Mr. Navarro, including the proposed medication(s) and dosage range. The report shall indicate whether the proposed medication can be administered orally, and whether the plan would be to administer the medication orally or by injection. The report shall state the likelihood that the proposed treatment plan would restore Mr. Navarro to competency, an estimate of the time it would take to restore Mr. Navarro to competency, and the basis for these conclusions.

2. The supplemental report shall identify all potential side effects, including the potential severity and duration of each side effect, of the proposed treatment plan. The report shall provide an opinion regarding the likelihood that Mr. Navarro will experience each identified side effect, as well as the likely severity and duration. Particular attention shall be given to any side effect that might interfere with Mr. Navarro's ability to assist in preparing his defense or that might in any way affect Mr. Navarro's demeanor at trial.

3. The supplemental report shall provide an explanation of why the examiners believe that the proposed treatment plan is medically appropriate for Mr. Navarro. This explanation shall include a discussion of whether, and to what extent, such treatment is necessary for Mr. Navarro to function in society; the likelihood that Mr. Navarro would comply with the proposed treatment

upon release from custody; the basis for proposing this particular course of treatment and rejecting other, less intrusive courses of treatment; the means by which treatment would be monitored; the grounds on which treatment would be discontinued or a different course of treatment recommended; the anticipated benefits and risks of the proposed treatment plan; and a proposal for addressing any side effects Mr. Navarro might experience.

IT IS FURTHER ORDERED that this supplemental report shall be provided no later than Wednesday, April 30, 2008. The Court anticipates that this provides FMC-Butner with sufficient time to prepare its report, based on the assumption that prior to reaching their decision to request permission to involuntarily medicate Mr. Navarro, his evaluators considered most, if not all, of the questions to be addressed in the supplemental report. If FMC-Butner is unable to provide the supplemental report within the time directed, it may, for good cause, seek an extension. Any request for an extension shall be in writing and shall set forth the reasons why a report cannot be prepared within the time directed.

IT IS SO ORDERED.

Dated: April ___, 2008

_____
The Honorable Ronald M. Whyte
United States District Court